```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

KIRSHA BROWN,                     )
                                  )
               Plaintiff,         )
                                  )
     v.                           )     No.  08 C 484
                                  )
FBI,                              )
                                  )
               Defendant.         )
```

<u>MEMORANDUM ORDER</u>

Kirsha Brown ("Brown") has tendered a document that she captions "Complaint," together with an In Forma Pauperis Application and Financial Affidavit ("Application") and a Motion for Appointment of Counsel ("Motion"), with the latter two submissions being completed in handwriting on forms provided by this District Court's Clerk's Office and being filled out in handwriting.  Although the Complaint itself lacks a caption and thus does not identify just whom Brown is seeking to sue, both the Application and the Motion list the FBI as defendant, and this memorandum order will follow that lead.

Brown's submissions face some obvious--and fatal--problems.  For one thing, the FBI itself is not suable because of the principle of sovereign immunity.  Indeed, even if Brown were to attempt to reshape her lawsuit to try to bring it within the scope of <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the sprawling and amorphous (to say nothing of bizarre) nature of her assertions would

provide a real roadblock to any such effort.

That apart, any grant of in forma pauperis status (which Brown seeks in the Application) requires not only a showing of financial inability to pay the filing fee, on which the Application passes muster, but also the assertion of a "non-frivolous" claim in the legal sense defined by <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992)--see <u>Lee v. Clinton</u>, 209 F.3d 1025, 1026 (7th Cir. 2000).  As in <u>Denton</u>, 504 U.S. at 33, here a determination of legal frivolousness is appropriate even though, as <u>Denton</u> quoted from Lord Byron's <u>Don Juan</u>, "Many allegations might be 'strange, but true; for truth is always strange, Stranger than fiction.'"

Accordingly the Application is denied, which also calls for the denial on mootness grounds of the Motion (which, it may be noted parenthetically, inadequately identifies whatever efforts Brown has made to obtain counsel on her own).  Brown is granted until February 8, 2007 to pay the filing fee (although she should be cautioned that such payment would likely seem to be a waste of money, given the nature of her allegations).  In the absence of such payment, both the Complaint and this action will be dismissed.

                                      _____
                                      Milton I. Shadur
                                      Senior United States District Judge
Date:  January 25, 2008